UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JAMEL BILLUPS, *et al.*,  : CIVIL NO. 1:11-CV-1784
    Plaintiffs  : (Chief Judge Kane)
    v.  : (Magistrate Judge Blewitt)
PENN STATE MILTON S.
HERSHEY MEDICAL CENTER,  :
*et al.*,
    Defendants  :

## MEMORANDUM AND ORDER

**I.   Background.**

On September 27, 2011, Plaintiffs Jamel Billups, Jacqueline Rosario, T.R., a minor, and L.B., a minor (collectively "Plaintiffs") brought this action pursuant to 42 U.S.C. §1983, against three groups of Defendants. (Doc. 1). The first group of Defendants (the "Hershey Defendants") included the Milton S. Hershey Medical Center (HMC), and four of its employees: Dr. Mark S. Dias, a neurosurgeon and co-director of the Medical Center's Child Safety Team; Dr. Kathryn R. Crowell, who is a co-director of the Medical Center Child Safety Team; Dr. Arabinda K. Choudhary, the directory of the pediatric neuroradiology department and a member of the Medical Center Child Safety Team; and, Dr. Kathleen D. Eggli, the chair of the radiology department.[1] The second group of Defendants (the "Franklin County Defendants") included Franklin County and several county officials and employees, to wit: Matthew Fogel, Franklin County District Attorney; Lauren Sulcove, Franklin County Assistant District Attorney; and, Tammie Lay, Dawn Watson, Kari Coccagna, and

---

[1] Plaintiffs refer to Defendants Dias, Crowell and Choudhary as the "Penn State Defendants." (*See* Doc. 92). However, we identify said Defendants herein as the "Hershey Defendants."

1

Minnie Turner, employees of the Franklin County Office of Children, Youth, and Families ("CYF"). The third group of Defendants (the "Chambersburg Defendants") included the Chambersburg Borough and its employee, Detective William C. Frisby, Jr.

Plaintiffs' Complaint arose from a series of events which began when Mr. Billups' infant daughter, L.B., was presented to HMC with difficulty breathing, an intracranial hemmorrhage, and sixteen rib fractures. Criminal charges were brought against Mr. Billups based on allegations of suspected child abuse. Defendant Crowell testified for the prosecution at Mr. Billups' preliminary hearing. Dr. Dias prepared a report for the prosecution at Mr. Billups' trial. Drs. Dias, Crowell, and Choudhary testified for the prosecution at Mr. Billups' trial. This civil action was initiated by the Plaintiffs after dependency was terminated, and Mr. Billups was acquitted of all criminal charges. (Doc. 1, ¶77).

On May 13, 2012, the Plaintiffs filed an Amended Complaint. (Doc. 59). Plaintiffs' claims in the Amended Complaint relate to the circumstances surrounding the temporary removal of minors L.B. and T.R. from the custody of Mr. Billups and Ms. Rosario, and alleges that the HMC Defendants, and the Franklin County Defendants violated the Plaintiffs' constitutional rights.

During the pendency of this action, several Defendants and claims were dismissed by the Court, such that the only remaining Defendants are: Franklin County, Kari Coccagna, and Minnie Tuner ("Franklin County Defendants"); and Doctors Mark S. Dias, Kathryn R. Crowell, and Arabinda K. Choudhary ("Hershey Defendants"). The only remaining claim against the Hershey Defendants is that Plaintiffs were denied substantive due process when the doctors allegedly misrepresented that all potential non-traumatic causes for L.B.'s injuries had been investigated and were ruled out (Doc. 59, Count IA).

### A. Plaintiffs' Motion to Compel (Doc. 91).

On January 17, 2013, Plaintiffs served a request for the production of documents on the Hershey Defendants. On March 11, 2013, Hershey Defendants responded by objecting to some requests, and by producing in excess of 1,000 pages of documents they believed to be responsive to Plaintiffs' request. Hershey Defendants' response contained only medical records, and not a single email or other communication by Defendants about L.B. When made aware of this deficiency by Plaintiffs, Hershey Defendants produced several email communications on March 21, 2013, and provided a privilege log on April 1, 2013.

On April 2, 2013, Plaintiffs filed the instant Motion to Compel Hershey Defendants to produce documents and attached Exhibits, Exs. A-I, together with their supporting brief. (Docs. 91 & 92). On April 17, 2013, Hershey Defendants filed their brief in opposition. (Doc. 99). On April 29, 2013, a telephonic discovery conference was held before the undersigned Magistrate Judge to address several outstanding issues of discovery, including the instant motion to compel. (*See* Doc. 102). Hershey Defendants were granted the opportunity to submit a supplemental brief in opposition to Plaintiffs' Motion to Compel, which was filed on May 9, 2013. (Doc. 105).

Thus, Plaintiffs' Motion to Compel **(Doc. 91)** has been fully briefed, and is now ripe for disposition.

### II. Discussion.

Plaintiffs' Motion to Compel (Doc. 91) is filed under Rule 37(a) of the Federal Rules of Civil Procedure. In their motion, Plaintiffs request that the court compel the Hershey Defendants to produce various documents in response to thirteen discovery requests, primarily involving email communications between the Hershey Defendants and various individuals who are not a party to this litigation. Plaintiffs'

requests seeks the production of emails identified in the Hershey Defendants' privilege log.[2]

On January 17, 2013, Plaintiffs served a Request for Production of Documents on the Hershey Defendants to which they assert Defendants tendered a tardy and incomplete response. Plaintiffs' January, 2013 request sought four broad categories of documents from the Defendants, namely:

1. Every document in the possession of Defendants including but not limited to emails, notes, reports, records, medical records, interoffice communication of any type, relevant to Leiana Billups, Jamel Billups and Jacqueline Rosario.

2. All documents relevant to training of any Defendant who was/is a part of the Penn State Hershey Medical Center Child Safety Team for performance of duties related to the Penn State Hershey Medical Center Child Safety Team.

3. All documents relevant to the employment of Defendants with Penn State Hershey Medical Center including employment contract, employee file and any complaints or grievances filed against the Defendant.

4. All documents relevant to any communication (whether in person, by telephone or by electronic communication) or meeting about Leiana Billups and/or Jamel Billups including but not limited to meetings or conversations with other doctors, meetings or conversations with law enforcement, meetings or conversations with Franklin County Children and Youth Services, meetings with the Child Safety Team and meetings with the Attorney General's Medical/Legal Advisory Board related to the dependency of Leiana Billups and/or to the criminal trial of Jamel Billups or in any way related to Leiana Billups and/or Jamel Billups.

(Doc. 91-1 at 7).

---

[2]In their proposed order, Doc. 91, pp. 1-3, Plaintiffs appear to request documents that were not identified in the Hershey Defendants' privilege log. However, other than their assertion that such documents exist, Plaintiffs have failed to articulate the relevance of such documents, either in their motion or in their brief in support. As such, Plaintiffs will be required to file a separate motion to compel regarding the stated documents after they have conferred with Defendants to try and resolve any dispute.

4

The Hershey Defendants responded to Plaintiffs' request by tendering their objections on March 8, 2013. Specifically, the Hershey Defendants objected to all four requests, and offered some documents in response to the first and fourth requests, which were not immediately produced. On March 18, 2013, ten days later, the Hershey Defendants produced over 1,000 pages of medical records in response to Plaintiffs' first and fourth discovery requests. Attached to their production, was a letter to Plaintiffs promising additional documents in another week. On March 21, 2013, the Plaintiffs' received an additional forty-three pages of emails from Hershey Defendants in response to their original request.

On April 1, 2013, the Hershey Defendants provided Plaintiffs with a privilege log with respect to documents they did not provide to Plaintiffs. The documents included in the privilege log generally fall into three categories, to wit: (1) emailed correspondence between the Hershey Defendants and the Franklin County District Attorney's Office; (2) emailed correspondence between the Hershey Defendants and the Attorney General Legal Advisory Board on Child Abuse; and (3) emailed correspondence between the Hershey Defendants and counsel. Plaintiffs current motion seeks the production of the correspondence described in categories one and two above.[3] On April 1, 2013, the parties conferred in an attempt to resolve their disputes without judicial intervention. However, the parties determined that since it was the Franklin County District Attorney's Office and the PA Attorney General's Office that asked the Hershey Defendants not to disclose the disputed correspondence, there was no way the matters could be resolved without judicial intervention.

---

[3]There does not appear to be any dispute between the parties that the third group of documents discussed above (Bates Nos. 1135-1136, 1137-1139, and 1224-1227) were properly withheld on the basis of attorney-client privilege. (Docs. 91-9 & 92).

Plaintiffs filed their instant Motion to Compel (Doc. 91) under Rule 37(a) of the Federal Rules of Civil Procedure. The Court in *Korescko v. Bleiweis,* stated as follows:

> The Federal Rules of Civil Procedure are liberal with respect to discovery, permitting the requesting party to obtain even inadmissible material, as long as it is relevant to the claim or defense of any party, unprivileged, and reasonable calculated to lead to the discovery of admissible evidence. Fed.R.Civ. P. 26(b)(1).
>
> Federal Rule 33 requires a party served with interrogatories to respond to each within 30 days after they were served. Rule 33(b)(1) and (3). The party serving the interrogatories may move under Rule 37(a) to compel an answer to an interrogatory to which the receiving party has objected or which it has otherwise failed to answer. Rule 33(b)(5).
>
> Similarly, Federal Rule 34 requires that a aprty served with a document request either produce the requested documents or else state a specific objection for each item or category objected to. Here, again, if the party served fails to respond adequately to a document request, the serving party may file a motion to compel under Rule 37(a). Fed R. Civ. P 34(b), 37(a)(1)(B).

No. 04-CV-769, 2004 WL 2005785 *1(E.D.Pa. Apr. 23, 2004).

In *Paluch v. Dawson,* the Court stated:

> Federal Rule of Civil Procedure 37 allows a party who has received evasive or incomplete discovery responses to seek a court order compelling additional disclosure or discovery. The party seeking the order to compel must demonstrate the relevance of the information sought. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. *Goodman v. Wagner*, 553 F.Supp. 255, 258 (E.D.Pa. 1982).

No. 1:06-CV-1751, 2007 WL 4375937 *2 (M.D.P.a. Dec. 12, 2007).

We now address seriatim the documents included in the two disputed categories of documents which Hershey Defendants did not provide to Plaintiffs and which were listed on said Defendants' privilege log.

1. Emailed Correspondence Between The Hershey Defendants and The Franklin County District Attorney's Office.

In their Doc. 91 Motion, Plaintiffs seek the production of all written communications between the Franklin County District Attorney's Office and the Hershey Defendants identified in their privilege log. The Hershey Defendants object to this request on the basis that it is attorney work product. The Plaintiffs disagree, and argue that the application of the attorney-client or work product privileges would be inappropriate as to these documents because the Hershey Defendants were never represented by, and did not seek legal advise from any of the Franklin County Prosecutors.

The work-product privilege is codified by Federal Rule of Civil Procedure 26(b)(3), which states that:

> a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

> Fed.R.Civ.P. 26(b)(3). As with the attorney-client privilege, the party claiming that evidence is protected attorney work product has the burden of establishing that work-product protection applies. *Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 138 (3d Cir. 2000). Unlike the attorney-client privilege, disclosure to a third party only waives the work-product privilege if it permits an adversary to gain access to the information. *See Westinghouse Elec. Corp.*, 951 F.2d at 1428 ("Most courts hold that to waive the protection of the work-product doctrine, the disclosure must enable an adversary to gain access to the information.").

*Sullivan*, No. 07-CV-4447, 2011 WL 780543, *2(M.D.Pa. Mar. 4, 2011).

The *Sullivan* Court also stated:

> it is the communications and not the underlying facts that are privileged. *See, e.g., Rhone–Poulenc Rorer*, 32 F.3d at 862. Plaintiffs are entitled to discovery regarding the underlying facts of the investigation. It should be further noted, however, that:

7

> The protective cloak of [attorney-client] privilege does not extend to information which an attorney secures from a witness while acting for his client in anticipation of litigation. Nor does this privilege concern the memoranda, briefs, communications and other writings prepared by counsel for his own use in prosecuting his client's case; and it is equally unrelated to writings which reflect an attorney's mental impressions, conclusions, opinions or legal theories. *Sampson v. School Dist. of Lancaster*, 262 F.R.D. 469, 474 (E.D.Pa. 2008). Such communications are generally protected by the work-product privilege instead. *See id.*

*Id.* at *4.

Further, the *Sullivan* Court stated:

> The question whether a document was prepared in anticipation of litigation is often a difficult factual matter." *United States v. Rockwell Int'l*, 897 F.2d 1255, 1266 (3d Cir.1990). The Third Circuit has stated that a document is created in anticipation of litigation when, "in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *Id.* (citations omitted). In applying this test, courts must look to "the state of mind of the party preparing the document or ... the party ordering preparation of the document." *Martin v. Bally's Park Place Hotel & Casino*, 983 F.2d 1252, 1260 (3d Cir.1993). This inquiry is limited by the requirement that the party's anticipation of litigation be objectively reasonable. *Id.* Furthermore, documents prepared in the regular course of business rather than for purposes of the litigation are not eligible for work-product protection, even if the prospect of litigation exists. 8 Charles Alan Wright et al., Federal Practice & Procedure § 2024 (3d ed.2010)

*Id.*(emphasis added). *See also Highland Tank & Mfg. Co. v. PS Intern., Inc.*, 246 F.R.D. at 245–47.

The Hershey Defendants argue that the documents requested by Plaintiffs are work product, created by the Defendant doctors in anticipation of the criminal proceedings against Mr. Billups, and therefore are not discoverable in the instant related litigation. The Plaintiffs argue that Hershey Defendants, by sharing their mental impressions, conclusions, opinion, legal theories, and work product with the fact and expert witnesses, destroyed any privilege that existed and rendered the communications at issue discoverable. (Doc. 92 at 6). Furthermore, the Plaintiffs argue that the Hershey Defendants "fail to explain how anything the Franklin County

8

Prosecutor prepared, was prepared <u>for</u> the [Hershey] Defendants 'in anticipation of litigation.'" (Doc. 92 at 12)(emphasis original).

We disagree with Plaintiffs' first argument, *i.e.*, that by sharing their conclusions and opinions with an expert witness, Hershey Defendants destroyed the work-product privilege. Unlike the attorney-client privilege, disclosure to a third party only waives the work-product privilege if it permits an adversary to gain access to the information. *See Westinghouse Elec. Corp.*, 951 F.2d 1414, 1428 (3d Cir. 1991). No such waiver occurred in this case.

Furthermore, the Plaintiffs appear to misunderstand the Hershey Defendants' argument. The Hershey Defendants do not contend that the disputed emails were prepared for them, but rather argue that they were prepared <u>by</u> the Hershey Defendants in anticipation of the criminal proceedings against Mr. Billups, and that the work product privilege afforded under Rule 26(b)(4)(C) may be properly extended to the instant related civil action.

In December, 2010, Rule 26 was "amended to address concerns about expert discovery." Fed. R. Civ. P. 26, advisory committee notes to 2010 amendments. As amended, Rule 26(a)(2)(B)(ii) now requires an expert witness to prepare a written report containing "the facts or data" that the expert witness considered in formulating his or her opinions. *See* Fed. R. Civ. P. 26, advisory committee notes to 2010 amendments. The term "facts or data" included in the amended rule is intended to narrow the "data and other information" formulation used in the prior version. *See* Fed R. Civ. P. 26, advisory committee notes to 2010 amendments. As observed by other courts, the 2010 amendments did not alter the definition of "consider," and therefore, Rule 26(a)(2)(B) still requires the disclosure of "any information furnished to a testifying expert that such an expert generates, reviews, reflects upon, reads, and/or uses in connection with the formulation of his opinions, even if such information is ultimately rejected." *Fialkowski v. Perry*, No. 11-5139, 2012 WL

9

2527020 *3 (E.D.Pa. June 29, 2012)(quoting *Synthes Spine Co. V. L.P. Walden*, 232 F.R.D. 460, 463 (E.D.Pa. 2005)); *see also* Fed.R.Civ.P. 26, advisory committee notes to 2010 amendments ("The disclosure obligation extends to any facts or data 'considered' by the expert in forming the opinion to be expressed, not only those relied upon by the expert.").

However, in explaining the changes to Rule 26(a)(2), the Advisory Committee noted that the 2010 changes were:

> intended to alter the outcome in cases that have relied on the 1993 formulation in requiring the disclosure of *all* attorney-expert communications and draft reports...The refocus of disclosure on "facts or data: is meant to limit disclosure to material of a factual nature by excluding theories or mental impressions of counsel. At the same time, the intention is that "facts or data" be interpreted broadly to require disclosure of *any* material considered by the expert, *from whatever source*, that contains factual ingredients.

Fed. R.Civ.P. 26, advisory committee notes to 2010 amendments (*emphasis added*).

Furthermore, Rule 26(b)(4)(C), "provide[s] work product protection for attorney-expert communications regardless of the form of the communications," except for communications that:

> (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided that the expert relied on in forming the opinions expressed.

*Fialkowski*, 2012 WL 2527020 at *3. The rules and accompanying advisory notes clearly indicate that communications between an attorney and an expert regarding the attorney's conclusions, opinions, and legal theories are privileged work product. Therefore, we find that the Hershey Defendants have met their burden of showing that the correspondence exchanged between the doctors and the Franklin County District Attorney's office was in anticipation of the prior criminal litigation against Mr. Billups.

The Hershey Defendants further argue that the work product protection afforded to the disputed correspondence applies to any subsequent related litigation. In support of this position they cite to the Fourth Circuit case of *Duplan Corp. v. Moulinage et Retorderie de Chavanoz*, which held that the protection afforded to attorney opinion work product does not expire once the litigation for which they were prepared has been concluded. 509 F.2d 730 (4th Cir. 1975); *see also, In re Grand Jury Proceedings*, 604 F.2d 798, 803 (3d Cir. 1979)(finding that material prepared in anticipation of other litigation is still protected work product if the anticipated litigation was related to the proceeding in which the material is to be produced). There is no dispute that the instant civil action is related to the prior criminal proceedings against Mr. Billups, and as such, the correspondence exchanged between the Franklin County District Attorney and the Hershey Defendants containing the opinions and legal theories of the prosecutor are subject to work product protection in this action. Furthermore, Plaintiffs fail to argue that they have a substantial need for the materials to prepare their case and cannot, without undue hardship, obtain the substantial equivalent by other means.

Accordingly, Plaintiffs' Motion to Compel is denied with respect to the emailed correspondence between the Hershey Defendants and the Franklin County District Attorney's Office, Bates Nos. 1115-1120, 1149-1150, and 1172-1223.

2. Emailed Correspondence Between The Hershey Defendants and The Attorney General Legal Advisory Board on Child Abuse.

The Defendants object to Plaintiffs' request for all correspondence between the Hershey Defendants and the PA Attorney General's Office on the grounds that they are privileged and confidential. As stated by the Court in *Pearson v. Miller*:

> Rule 26 thus allows for two approaches to seeking the protection of sensitive-but relevant -information....A party seeking to protect the confidentiality of such information may argue ... that the information is protected by an evidentiary privilege. Any material covered by a properly asserted privilege would necessarily be protected from

> discovery pursuant to Rule 26(b)(1). Where such privilege is not available, a party may petition the court for a protective order that limits discovery in accordance with Rule 26(c).

*Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000).

In the instant matter, the Defendants seek the protection of an evidentiary privilege that would allow them to resist the production of emailed correspondence exchanged between the Hershey Defendants and the PA Attorney General's Office. All federal evidentiary privileges are governed by Federal Rule of Evidence 501, which provides that:

> The common law– as interpreted by United States courts in the light of reason and experience – governs a claim of privilege unless any of the following provides otherwise:
> - the United States Constitution;
> - a federal statute; or
> - rules prescribed by the Supreme Court.
>
> But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule or decision.

Fed.R. Evid. 501.

Thus, we begin our analysis by noting that this civil rights action, filed pursuant to 42 U.S.C. §1983, is before the court based on question of federal law and, as such, is governed by the federal law of privilege. Furthermore, "interests recognized in law by privileges against forced disclosure, established in the Constitution, by statute, or at common law.....are not lightly created nor expansively construed." *U.S. v. Nixon*, 418 U.S. 683, 710 (1974).

While we recognize that the Hershey Defendants have articulated legitimate concerns regarding the confidentiality of correspondence relating to the deliberations of the Attorney General Legal Advisory Board on Child Abuse, they have not identified a specific federally recognized evidentiary privilege. The Hershey Defendants' assertion that the requested emails are "confidential" without more is insufficient to afford them any protection under Rule 26, which provides:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible

things not produced or disclosed – and do so in a manner that, without revealing the information itself privileged or protected, will enable other parties to assess the claim.

Fed.R.Civ.P. 26(b)(5).

In the instant action, the Hershey Defendants assert that the disputed documents have been withheld from Plaintiffs because they contain the mental impressions, conclusions, and opinions of the Defendant doctors as they relate to their preparation for a meeting with the Attorney General Legal Advisory Board, and assert that they have been deemed confidential by the Board. Hershey Defendants have not, however, expressly identified a federally recognized evidentiary privilege protecting these documents from disclosure. Therefore, the Hershey Defendants have not established that a particular federal evidentiary privilege applies to the documents identified as Bates Nos. 1121-1134, 1140-1148, and 1151-1171. In their brief in opposition, the Hershey Defendants also note that where no evidentiary privilege is available, a party may petition the court for a protective order under Rule 26(c). However, the Hershey Defendants have made no such petition with respect to Plaintiffs' instant request for production.[4]

Therefore, the Plaintiffs' Motion to Compel is granted with respect to emailed correspondence between the Hershey Defendants and the Attorney General Legal Advisory Board on Child Abuse, Bates Nos. 1121-1134, 1140-1148, and 1151-1171. The Hershey Defendants shall either come forward with a federally recognized privilege regarding said documents, move for a protective order, or produce the above-mentioned documents not later than fourteen (14) days from the date of the Order that follows.

---

[4]The Defendants filed a Motion for a Protective Order (Doc. 80) with respect to a subpoena issued to non-party HMC requesting similar information, which was granted by the Court on April 30, 2013. (Doc. 101).

13

### 3. Other Requests for Production

Finally, there is one other aspect of Plaintiffs' Motion to Compel that warrants brief comment. The Proposed Order attached to Plaintiffs' motion (Doc. 91, pp. 1-3) lists thirteen requests for production that were not all addressed in their brief in support, and are barely mentioned in their motion to compel. Review of this list reveals that Plaintiffs are attempting to compel additional disclosures relating to their fourth request for production of documents. However, the party seeking the order to compel must demonstrate the relevance of the information sought. As the Plaintiffs have failed to properly brief these additional requests, they have not met their burden of demonstrating the relevance of these requests. Furthermore, Plaintiffs have not given any indication that the parties made any attempt to engage in any good faith effort to resolve these requests by agreement before seeking intervention by the court, as required by L.R. 26.3. Therefore, Plaintiffs' requests for production numbered one through thirteen in their Proposed Order (Doc. 91, pp. 1-3) are denied without prejudice.

An appropriate Order follows.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: August 7, 2013