UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JAMEL BILLUPS, et al. : CIVIL NO. 1:11-CV-1784
      Plaintiffs : (Judge Kane)
      v. : (Magistrate Judge Blewitt)
PENN STATE MILTON S. :
HERSHEY MEDICAL CENTER, :
et al. :
      Defendants :

FILED
SCRANTON
APR 0 2 2014
PER_____
DEPUTY CLERK

## MEMORANDUM

**I. Background.**

On September 27, 2011, Plaintiffs Jamel Billups, Jacqueline Rosario, T.R., a minor, and L.B., a minor (collectively "Plaintiffs") brought this action pursuant to 42 U.S.C. §1983, against three groups of Defendants. (Doc. 1). The first group of Defendants (the Hershey Defendants) included the Milton S. Hershey Medical Center ("HMC"), and four of its employees: Dr. Mark S. Dias, a neurosurgeon and co-director of the Medical Center's Child Safety Team; Dr. Kathryn R. Crowell, who is a co-director of the Medical Center Child Safety Team; Dr. Arabinda K. Choudhary, the directory of the pediatric neuroradiology department and a member of the Medical Center Child Safety Team; and, Dr. Kathleen D. Eggli, the chair of the radiology department. The second group of Defendants (the Franklin County Defendants) included Franklin County and several county officials and employees: Matthew Fogel, Franklin County District Attorney; Lauren Sulcove, Franklin County Assistant District Attorney; and, Tammie Lay, Dawn Watson, Kari Coccagna, and Minnie Turner, employees of the Franklin County Office of Children, Youth, and Families ("CYF"). The third group of Defendants (the "Chambersburg Defendants") included the Chambersburg Borough and its employee, Detective William C. Frisby, Jr.

Plaintiffs' complaint arose from a series of events which began when his infant daughter, L.B., was presented to HMC with difficulty breathing, an intracranial hemorrhage, and sixteen rib fractures. Criminal charges were brought against Mr. Billups based on allegations of

suspected child abuse. Defendant Crowell testified for the prosecution at Mr. Billups' preliminary hearing. Dr. Dias prepared a report for the prosecution at the trial. Drs. Dias, Crowell, and Choudhary testified for the prosecution at trial. This civil action was initiated by the Plaintiffs after dependency was terminated, and Mr. Billups was acquitted of all criminal charges (Doc. 1, ¶77).

On May 13, 2012, the Plaintiffs filed an amended complaint. (Doc. 59). Plaintiffs' claims in the amended complaint relate to the circumstances surrounding the temporary removal of minors L.B. and T.R. from the custody of Mr. Billups and Ms. Rosario, and alleges that the HMC Defendants, and the Franklin County Defendants violated the Plaintiff's constitutional rights.

During the pendency of this action several Defendants and claims were dismissed, such that the only remaining Defendants are: Franklin County, Kari Coccagna, and Minnie Tuner ("Franklin County Defendants"); and Doctors Mark S. Dias, Kathryn R. Crowell, and Arabinda K. Choudhary ("Hershey Defendants"). The only remaining claim against the Hershey Defendants is that Plaintiffs were denied substantive due process when the doctors allegedly misrepresented that all potential non-traumatic causes for L.B.'s injuries had been investigated and were ruled out (Count IA).

On January 17, 2013, Plaintiffs served a request for the production of documents on the Hershey Defendants. On March 11, 2013, Defendants responded by objecting to some requests, and by producing in excess of 1,000 pages of documents they believed to be responsive to Plaintiffs' request. Defendants' response contained only medical records, and not a single email or other communication by Defendants about L.B. When made aware of this deficiency, the Defendants produced several email communications on March 21, 2013, and provided a privilege log on April 1, 2013.

On April 2, 2013, Plaintiffs filed a Motion to Compel and attached exhibits, Exs. A-I, together with their supporting brief. (Docs. 91, 92). On April 17, 2013, Defendants filed their brief in opposition. (Doc. 99). On April 29, 2013, a telephonic discovery conference was held before the undersigned magistrate judge to address several outstanding issues of discovery,

including the motion to compel. (See Doc. 102). Defendants were granted the opportunity to submit a supplemental brief in opposition, which was filed on May 9, 2013. (Doc. 105). On August 7, 2013, we issued a Memorandum and Order granting in part and denying in part the motion to compel. (Docs. 106 & 107). The Order provided as follows:

> 1. Plaintiffs' motion to compel is denied with respect to Bates Nos. 1115-1120, 1149-1150, and 1172-1223.
>
> 2. Plaintiffs' motion to compel with respect to Bates Nos. 1121-1134, 1140-1148, and 1151-1171 is granted, the Defendants shall either come forward with a federally recognized privilege, move for a protective order, or produce the above-mentioned documents **not later than fourteen (14) days from the date of this Order**.
>
> 3. To the extent that they are not addressed above, Plaintiffs' requests for production one through thirteen identified in their proposed order (Doc. 91) are denied without prejudice.

(Doc. 107).

On August 21, 2013, the Hershey Defendants filed a supplemental brief pursuant to the August 7, 2013 Order of this Court. (Doc. 108). On that same date, the Hershey Defendants filed a motion for a protective order and brief in support of same. (Docs. 109 &110). On September 1, 2013, Plaintiffs filed a brief in opposition to the Hershey Defendants motion for a protective order and on September 16, 2013, the Hershey Defendants filed a reply brief. (Docs. 111 & 115).

On September 4, 2013, Plaintiffs filed a motion to compel the Hershey Defendants documents withheld and identified in Defendants' privilege log dated July 10, 2013 and brief in support of same. (Docs. 112, 113). On September 18, 2013, the Hershey Defendants filed a brief in opposition to Plaintiffs' motion. (Doc. 116). On September 20, 2013, Plaintiffs filed a reply brief. (Doc. 117). On October 7, 2013, after a telephone conference was held, we granted the Hershey Defendants motion for a protective order in part. (See Doc. 121).

After correspondence and conference with the Court regarding the parties attempt to resolve any remaining issues regarding the documents identified on Defendants' July 10, 2013 privilege log as well as documents identified on Defendants' April 1, 2013 privilege log, an additional telephone conference was held on December 16, 2013. (Docs. 124-126). We ordered the Plaintiffs to provide a brief to the Court outlining the remaining discovery issues and

Defendants to file a response thereto. (Doc. 128). On December 21, 2013, Plaintiffs outlined the remaining discovery issue regarding the Defendants' privilege log and on December 30, 2013, Defendants responded. (Docs. 129, 131).

Thus, Plaintiffs' motion to compel the remaining discovery issues regarding Defendants July 10, 2013 privilege log has been fully briefed, and is now ripe for disposition. (**Doc. 112**).

## II. Discussion.

Plaintiffs' motion (Doc. 112) is filed under Rule 37(a) of the Federal Rules of Civil Procedure. In their motion, Plaintiffs request that the court compel the Hershey Defendants to produce specific email communications between the Hershey Defendants and some individuals who are not parties to this litigation. Their request seeks the production of emails identified in the Hershey Defendants' July 10, 2013 privilege log.

On January 17, 2013, Plaintiffs served a request for production on the Hershey Defendants. Plaintiffs January 2013 request sought four broad categories of documents from the Defendants:

1. Every document in the possession of Defendants including but not limited to emails, notes, reports, records, medical records, interoffice communication of any type, relevant to Leiana Billups, Jamel Billups and Jacqueline Rosario
2. All documents relevant to training of any Defendant who was/is a part of the Penn State Hershey Medical Center Child Safety Team for performance of duties related to the Penn State Hershey Medical Center Child Safety Team.
3. All documents relevant to the employment of Defendants with Penn State Hershey Medical Center including employment contract, employee file and any complaints or grievances filed against the Defendant.
4. All documents relevant to any communication (whether in person, by telephone or by electronic communication) or meeting about Leiana Billups and/or Jamel Billups including but not limited to meetings or conversations with other doctors, meetings or conversations with law enforcement, meetings or conversations with Franklin County Children and Youth Services, meetings with the Child Safety Team and meetings with the Attorney General's Medical/Legal Advisory Board related to the dependency of Leiana Billups and/or to the criminal trial of Jamel Billups or in any way related to Leiana Billups and/or Jamel Billups.

(Doc. 91-1 at 7). The Hershey Defendants responded to Plaintiffs' request by tendering their objections on March 8, 2013. Specifically the Hershey Defendants objected to all four requests, and offered some documents in response to the first and fourth requests. On

March 18, 2013, the Hershey Defendants produced over 1,000 pages of medical records in response to Plaintiffs' first and fourth discovery requests; attached to their production was a letter promising the arrival of additional documents in another week. On March 21, 2013, the Plaintiffs' received an additional forty-three pages of emails in response to their original request.

On April 1, 2013, the Hershey Defendants provided a privilege log. The documents included in the privilege log generally fall into three categories: (1) emailed correspondence between the Hershey Defendants and the Franklin County District Attorney's Office; (2) emailed correspondence between the Hershey Defendants and the Attorney General Legal Advisory Board on Child Abuse; and (3) emailed correspondence between the Hershey Defendants and counsel.

On June 11, 2013, Defendants supplemented their production with two hundred sixty-one (261) pages of email communications. On July 10, 2013, the Hershey Defendants provided a second privilege log. The documents included in the privilege log were eight hundred eighty five (885) pages of emails (Bates Nos. 1491-2376). The documents Plaintiffs' current motion to compel seeks are as follows:

1. **Bates 1974**-Email from PSHMC radiologist Dr. Boal to PSHMC radiologist Dr. Eggli.
2. **Bates 1894-95** and one redacted line of **Bates 1831**-Email exchange between Dr. Boal and Defendants Dias and Choudhary.
3. **Bates 1155-69** -Email exchange between Dr. Boal and Defendant Choudhary.
4. **Bates 1851-53** -Email exchange between Defendant Dias and Crowell.

(Doc. 129).

On December 16, 2013, the parties conferred in an attempt to resolve this dispute without judicial intervention, however, they determined that there was no way the remaining matters could be resolved without judicial intervention.

Plaintiff filed the instant motion to compel under Rule 37(a) of the Federal Rules of Civil Procedure. The court stated as follows in *Korescko v. Bleiweis*:

> The Federal Rules of Civil Procedure are liberal with respect to discovery, permitting the requesting party to obtain even inadmissible material, as long as it is relevant to the claim or defense of any party, unprivileged, and reasonable calculated to lead to the discovery of admissible evidence. Fed.R.Civ. P. 26(b)(1).
>
> Federal Rule 33 requires a party served with interrogatories to respond to each within 30 days after they were served. Rule 33(b)(1) and (3). The party serving the interrogatories may move under Rule 37(a) to compel an answer to an interrogatory to which the receiving party has objected or which it has otherwise failed to answer. Rule 33(b)(5).
>
> Similarly, Federal Rule 34 requires that a party served with a document request either produce the requested documents or else state a specific objection for each item or category objected to. Here, again, if the party served fails to respond adequately to a document request, the serving party may file a motion to compel under Rule 37(a). Fed R. Civ. P 34(b), 37(a)(1)(B).

No. 04-CV-769, 2004 WL 2005785 *1(E.D.Pa. Apr. 23, 2004).

In *Paluch v. Dawson*, the court stated:

> Federal Rule of Civil Procedure 37 allows a party who has received evasive or incomplete discovery responses to seek a court order compelling additional disclosure or discovery. The party seeking the order to compel must demonstrate the relevance of the information sought. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. *Goodman v. Wagner*, 553 F.Supp. 255, 258 (E.D.Pa. 1982).

No. 1:06-CV-1751, 2007 WL 4375937 *2 (M.D.P.a. Dec. 12, 2007).

1. **Bates 1974**-Email from PSHMC radiologist Dr. Boal to PSHMC radiologist Dr. Eggli.

In their motion, Plaintiffs seek the production of an email exchange between Dr. Danielle Boal and Dr. Kathleen Eggli. (Bates 1974). The privilege log indicates that the email was prepared in anticipation of the Attorney General Legal Advisory Board meeting containing mental impressions/conclusions/opinions. The Hershey Defendants object to this request on the basis that it is privileged and confidential. The Hershey Defendants further assert in their opposition that Drs. Boal and Eggli were named as defendants in the unrelated matter of *Dennis v. Dejong, et al.*, No. 10-cv-06789, and the redacted section of the email in Bates 1974 discusses the *Dennis* matter. (Doc. 131, p. 2). The Plaintiffs disagree and argue

6

that the application of the attorney-client privilege was waived by Dr. Boal who disclosed communication that she had with her attorney to a third party, Dr. Eggli. (Doc. 129, pp. 3-4).

The Hershey Defendants argue that the documents requested are privileged because they are discussions of legal advice obtained in defense of the unrelated *Dennis* matter. We agree. In response to Plaintiff' argument, that sharing her conclusions and opinions with a third party destroyed the attorney-client privilege, we disagree. The communication relates to an unrelated case in which both Dr. Boal and Dr. Eggli are defendants, thus, it is not relevant to this case. Furthermore, Plaintiffs have not proven that they have a substantial need for the materials to prepare their case. Accordingly, Plaintiffs' motion is denied with respect to Bates Nos. 1974.

2. **Bates 1894-95** and one redacted line of **Bates 1831**-Email exchange between Dr. Boal and Defendants Dias and Choudhary.

   **Bates 1155-69** -Email exchange between Dr. Boal and Defendant Choudhary. Emailed Correspondence Between The Hershey Defendants and The Attorney General Legal Advisory Board on Child Abuse.

   **Bates 1851-53** -Email exchange between Defendants Dias and Crowell.

In their motion, Plaintiffs seek the production of email communications between the Dr. Boal and Defendants Dias and Choudhary identified in their privilege log. (Bates 1894-95 and one redacted line of Bates 1831). The Hershey Defendants object to this request on the basis that it is work product prepared in anticipation of litigation and protected from disclosure as correspondence between counsel and an expert witness. (Doc. 131, p. 4). The Plaintiffs disagree, and argue that the application of the work product privileges would be inappropriate to these documents because the Hershey Defendants failed to demonstrate that the emails were prepared in anticipation of litigation. (Doc. 129, p. 5).

The work-product privilege is codified by Federal Rule of Civil Procedure 26(b)(3) which states that:

7

a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Fed.R.Civ.P. 26(b)(3). As with the attorney-client privilege, the party claiming that evidence is protected attorney work product has the burden of establishing that work-product protection applies. *Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 138 (3d Cir. 2000). Unlike the attorney-client privilege, disclosure to a third party only waives the work-product privilege if it permits an adversary to gain access to the information. See *Westinghouse Elec. Corp.*, 951 F.2d at 1428 ("Most courts hold that to waive the protection of the work-product doctrine, the disclosure must enable an adversary to gain access to the information.").

No. 07-CV-4447, 2011 WL 780543, *2(M.D.Pa. Mar. 4, 2011).

The *Sullivan* Court also stated:

it is the communications and not the underlying facts that are privileged. See, e.g., *Rhone–Poulenc Rorer*, 32 F.3d at 862. Plaintiffs are entitled to discovery regarding the underlying facts of the investigation. It should be further noted, however, that:

The protective cloak of [attorney-client] privilege does not extend to information which an attorney secures from a witness while acting for his client in anticipation of litigation. Nor does this privilege concern the memoranda, briefs, communications and other writings prepared by counsel for his own use in prosecuting his client's case; and it is equally unrelated to writings which reflect an attorney's mental impressions, conclusions, opinions or legal theories. *Sampson v. School Dist. of Lancaster*, 262 F.R.D. 469, 474 (E.D.Pa. 2008). Such communications are generally protected by the work-product privilege instead. See id.

Id. at *4.

Further, the *Sullivan* Court stated:

The question whether a document was prepared in anticipation of litigation is often a difficult factual matter." *United States v. Rockwell Int'l*, 897 F.2d 1255, 1266 (3d Cir.1990). The Third Circuit has stated that a document is created in anticipation of litigation when, "in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *Id.* (citations omitted). In applying this test, courts must look to "the state of mind of the party preparing the document or ... the party ordering preparation of the document." *Martin v. Bally's Park Place Hotel & Casino*, 983 F.2d 1252, 1260 (3d Cir.1993). This inquiry is limited by the requirement that the party's anticipation of litigation be objectively reasonable. *Id.* Furthermore, documents prepared in the regular course of business rather than for purposes of the litigation are not eligible for

> work-product protection, even if the prospect of litigation exists. 8 Charles Alan Wright et al., Federal Practice & Procedure § 2024 (3d ed.2010)

Id. (emphasis added). See also Highland Tank & Mfg. Co. v. PS Intern., Inc., 246 F.R.D. at 245–47.

The Hershey Defendants argue that the Email exchange between Dr. Boal and Defendants Dias and Choudhary (Bates 1894-95 and one redacted line of Bates 1831) were produced in partially redacted form because it contains communications between Prosecutor Sulcove prior to the criminal trial which were previously held as privileged by the Court in our August 7, 2013 Order (Doc. 107). The Plaintiffs argue that Prosecutor Sulcove never identified Dr. Boal as an expert witness in the criminal case, thus, the Hershey Defendants fail to demonstrate that the emails are work product. (Doc. 129 at pp.5-6).

Additionally, Plaintiffs argue Bates 1155-1169 is also not privileged as the Hershey Defendants have not carried their burden of demonstrating that the documents were prepared for litigation by Prosecutor Sulcove. (Doc. 129, p. 6). The Hershey Defendants assert:

> The documents at issue are (1) an email from Lauren Sulcove of the Franklin County District Attorney's office with attachments to Dr. Choudhary, and an email forwarding same from Dr. Choudhary to Dr. Boal. The documents were identified as work product on July 10, 2013 privilege log. (Doc. 115, p. 5). This Court has already held that communications between the District Attorney's Office and its experts are protected work product. (Doc. 106). Merely because Dr. Choudhary provided these documents to a fellow physician who was also involved in L.B.'s care does not waive the privilege because: (1) Dr. Boal was not adversarial to Choudhary, and (2) the District Attorney's Office has asserted the privilege.

We agree with Defendants, in accordance with our Document 107 Order denying Plaintiffs previous motion to compel regarding correspondence with the Franklin County District Attorney's Office, the present motion regarding Bates 1894-95 and the redacted line of Bates 1831 and Bates 11-55-69, is denied.

Next, Plaintiffs argue the email exchange between Defendant Dias and Defendant Crowell in Bates 1851-1853 does not meet the work product protection. (Doc. 129, p. 7). The Hershey Defendants assert that the emails occurred prior to Mr. Billups' criminal trial and discuss the substance of communications between the doctors and Prosecutor Sulcove, thus

9

they are encompassed by this Court's earlier ruling. (Doc. 131, p. 4). The crux of Plaintiffs argument is that by consenting to the AG Panel Meeting that included the Commonwealth's expert witnesses, Defendants Dias, Crowell and Choudhary, and adversaries to the Commonwealth's expert witnesses, Dr. Boal, Dr. Morton and Dr. Mack, Prosecutor Sulcove waived any work product privileged communications by consenting to her experts from the criminal trial communicating with those on the AG Panel including Dr. Boal, which was not for the purpose of preparing for the criminal trial.

In response to Plaintiffs argument, that sharing her conclusions and opinions with an expert witness destroys work-product privilege, we disagree. Unlike the attorney-client privilege, disclosure to a third party only waives the work-product privilege if it permits an adversary to gain access to the information. *See Westinghouse Elec. Corp.*, 951 F.2d 1414, 1428 (3d Cir. 1991). No such waiver occurred in this case.

Furthermore, as discussed in our prior Memorandum and Order, the Hershey Defendants assert the emails were written in anticipation of the criminal proceedings against Mr. Billups, thus, the work product privilege afforded under Rule 26(b)(4)(C) may be properly extended to this related civil action.

In December 2010, Rule 26 was "amended to address concerns about expert discovery." Fed. R. Civ. P. 26 advisory committee notes to 2010 amendments. As amended, Rule 26(a)(2)(B)(ii) now requires an expert witness to prepare a written report containing "the facts or data" that the expert witness considered in formulating his or her opinions. *See* Fed. R. Civ. P. 26 advisory committee notes to 2010 amendments. The term "facts or data" included in the amended rule is intended to narrow the "data and other information" formulation used in the prior version. *See* Fed R. Civ. P. 26 advisory committee notes to 2010 amendments. As observed by other courts, the 2010 amendments did not alter the definition of "consider," and therefore, Rule 26(a)(2)(B) still requires the disclosure of "any information furnished to a testifying expert that such an expert generates, reviews, reflects upon, reads, and/or uses in connection with the formulation of his opinions, even if such information is ultimately rejected."

10

*Fialkowski v. Perry*, No. 11-5139, 2012 WL 2527020 *3 (E.D.Pa. June 29, 2012)(*quoting Synthes Spine Co. V. L.P. Walden*, 232 F.R.D. 460, 463 (E.D.Pa. 2005)); *see also* Fed.R.Civ.P. 26 advisory committee notes to 2010 amendments ("The disclosure obligation extends to any facts or data considered by the expert in forming the opinion to be expressed, not only those relied upon by the expert.").

However, in explaining the changes to Rule 26(a)(2), the Advisory Committee noted that the 2010 changes were:

> intended to alter the outcome in cases that have relied on the 1993 formulation in requiring the disclosure of *all* attorney-expert communications and draft reports...The refocus of disclosure on "facts or data: is meant to limit disclosure to material of a factual nature by excluding theories or mental impressions of counsel. At the same time, the intention is that "facts or data" be interpreted broadly to require disclosure of *any* material considered by the expert, *from whatever source*, that contains factual ingredients.

Fed. R.Civ.P. 26 advisory committee notes to 2010 amendments (*emphasis added*).

Furthermore, Rule 26(b)(4)(C), "provide[s] work product protection for attorney-expert communications regardless of the form of the communications," except for communications that:

> (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided that the expert relied on in forming the opinions expressed.

*Fialkowski*, 2012 WL 2527020 at *3. The rules and accompanying advisory notes clearly identify that communications between an attorney and an expert regarding the attorney's conclusions, opinions, and legal theories are privileged work product. Therefore, the Hershey Defendants have met their burden of proving that the correspondence exchanged between the doctors in regard to Prosecutor Sulcove was in anticipation of the prior criminal litigation.

There is no dispute that the instant civil action is related to the prior criminal proceedings against Mr. Billups, and as such communications between the Hershey Defendants containing the opinions and legal theories of the prosecutor are subject to work product protection in this action. Furthermore Plaintiffs fail to argue that they have a substantial need

11

for the materials to prepare their case. Accordingly, Plaintiffs' motion is denied with respect to Bates Nos. 1851-53.

THOMAS M. BLEWITT
**United States Magistrate Judge**

Dated:   April ___, 2014