# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMEL BILLUPS, et al.,** | : | |
| **Plaintiffs** | : | **No. 1:11-cv-01784** |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| | : | **(Magistrate Judge Saporito)** |
| **PENN STATE MILTON S. HERSHEY** | : | |
| **MEDICALCENTER, et al.,** | : | |
| **Defendants** | : | |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Before the Court is Magistrate Judge Saporito's March 17, 2017 Report and Recommendation (Doc. No. 241), addressing four pending motions for summary judgment, namely: (1) Plaintiffs Jamel Billups, Jacqueline Rosario, T.R., and L.B.'s motion as to the claims asserted against Defendants Franklin County, Kari Coccagna, and Minnie Turner (the "County Defendants") (Doc. No. 206); (2) Plaintiffs' motion regarding the claims asserted against Defendants Mark S. Dias, M.D., Kathryn R. Crowell, M.D., and Arabinda K. Choudhary, M.D. (the "Medical Defendants") (Doc. No. 225); (3) the County Defendants' motion as to the claims asserted against them by Plaintiffs (Doc. No. 218); and (4) the Medical Defendants' motion as to the claims asserted against them by Plaintiffs (Doc. No. 230). Also pending are Plaintiffs' objections to the Magistrate Judge's Report and Recommendation (Doc. No. 242); Defendants' responses to Plaintiffs' objections (Doc. Nos. 247, 248); and Plaintiffs' motion to file a document under seal (Doc. No. 244).

In his Report and Recommendation, Magistrate Judge Saporito recommends: (1) denying Plaintiffs' motions for summary judgment; (2) granting Defendants' motions for summary

judgment; and (3) entering judgment in favor of Defendants with respect to the remaining claims of the amended complaint.  (Doc. No. 241 at 42.)

Plaintiffs have filed lengthy objections to the Report and Recommendation.  (Doc. No. 242.)  As it specifically relates to the Magistrate Judge's finding that the Medical Defendants are entitled to summary judgment on Plaintiffs' substantive due process claim against them, Plaintiffs object to (1) the Magistrate Judge's "requirement that the Plaintiffs prove a specific deliberate misrepresentation" (Doc. No. 243 at 9-11); (2) the Magistrate Judge's finding that Children and Youth Services and the police did not rely on the alleged misrepresentations of the Medical Defendants (id. at 11-13); and (3) what they characterize as the Magistrate Judge's application of the "purpose to cause harm" standard of liability (id. at 13-14).

With regard to the Magistrate Judge's recommendation that the County Defendants are entitled to summary judgment on Plaintiffs' substantive due process and procedural due process claims against them, Plaintiffs object to the Magistrate Judge's finding that (1) Plaintiffs did not have a protected liberty interest that was implicated by the conduct of the County Defendants in connection with the imposition of the December 21, 2010 safety plan (id. at 16-19); (2) even assuming that Plaintiffs had a protected liberty interest, the County Defendants did not violate the Plaintiffs' substantive due process rights when imposing the December 2010 safety plan (id. at 19-22); (3) the Plaintiffs' 2009 dependency hearing provided Plaintiffs with adequate procedural due process protections to remedy the imposition of the 2010 safety plan without additional procedural protections (id. at 22-27); and (4) Plaintiffs failed to establish that Franklin County had a policy of failing to provide procedural due process safeguards (id. at 27-28).

Having thoroughly reviewed these objections, this Court finds that Magistrate Judge Saporito's thorough and well-reasoned Report and Recommendation correctly and

comprehensively addressed the substance of Plaintiffs' objections, and therefore, this Court will not write separately to address them, except with regard to one issue. In connection with the filing of their objections to the Report and Recommendation, Plaintiffs filed a motion to file a document under seal, which seeks to file a Pennsylvania Commonwealth Court unreported opinion under seal with this Court. This filing appears to relate to Plaintiffs' third objection to Magistrate Judge Saporito's disposition of their procedural due process claim asserted against the County Defendants. Notably, Plaintiffs' third objection and motion to seal raise an argument that they failed to raise before Magistrate Judge Saporito – that the 2009 dependency hearing did not provide adequate procedural due process protections for the imposition of the 2010 safety plan, because the Commonwealth Court of Pennsylvania, in a sealed opinion issued in an action filed by Plaintiffs, "declared the dependency proceeding flawed and to have denied the Plaintiffs sufficient due process to challenge the false allegations of abuse . . . ." (Doc. No. 250 at 4.)

The Court finds unavailing Plaintiffs' reliance on this sealed Commonwealth Court opinion, for several reasons. First, Plaintiffs failed to raise this argument prior to the issuance of the Magistrate Judge's Report and Recommendation on the cross motions for summary judgment. Plaintiffs blame this error on both Magistrate Judge Saporito, who supposedly "erred by giving undue credence to the original dependency proceedings," and on the Defendants, who "critically omitted from disclosing to the Court the subsequent Commonwealth Court judicial finding that the dependency was a flawed proceeding." (Doc. Nos. 243 at 26, 250 at 5-6 n.1.) However, Plaintiffs fail to explain why – if they believed the Commonwealth Court opinion to be material to the motions for summary judgment – they did not reference it themselves in connection with their briefing on the cross motions for summary judgment. Generally, "interests of judicial economy weigh against allowing a party to raise a new issue in objection to a

magistrate judge's report and recommendation that was not raised before the magistrate judge." Witmer v. Gallagher & Co., No. 1:08-cv-1329, 2009 WL 904877, at *3 (M.D. Pa. Mar. 31, 2009) (citing Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that of a mere dress rehearsal if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round. In addition, it would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and – having received an unfavorable recommendation – shift gears before the district judge.")); see also Hubbard v. Pleasant Valley Sch. Dist., No. 3:cv-03-0797, 2006 WL 42093, at *7 (M.D. Pa. Jan. 6, 2006) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); Breeden v. Eckard, No. 14-6832, 2016 WL 1106893, at *5-*6 (E.D. Pa. Mar. 22, 2016) ("The court does not find that the interests of justice warrant[ ] consideration of this belatedly-raised evidence and issue when the petitioner had more-than ample time to raise it before [the] [m]agistrate [j]udge . . . .").

Second, the Court is hard-pressed to discern how the Commonwealth Court opinion bears on this Court's review of Magistrate Judge Saporito's Report and Recommendation on the pending motions for summary judgment. The opinion, addressing the issue of whether Plaintiffs should be allowed to file an untimely appeal of a report of founded child abuse, was rendered in separate litigation between Plaintiffs and the Pennsylvania Department of Welfare. While the opinion characterizes a subsequent change in testimony that was offered at the dependency proceedings as an "administrative breakdown," which, considered in connection with other circumstances, justified granting Plaintiffs the opportunity to file an untimely appeal of the

founded report of child abuse, the opinion does not impugn the nature of the due process afforded Plaintiffs in connection with the original dependency proceedings.

The Court's finding on this point is bolstered by the fact that Plaintiffs have articulated conflicting positions in their submissions with regard to the potential relevance of the issue of the due process afforded in connection with the dependency proceedings.  Indeed, in their brief in support of their objections to the Report and Recommendation, Plaintiffs explicitly state that they "are not challenging the due process afforded them during the dependency proceedings . . . ." (Doc. No. 243 at 26.)  Yet, in their motion to seal, Plaintiffs assert that the Commonwealth Court opinion tends to show that "the dependency proceeding [was] flawed" and that it "denied the Plaintiffs sufficient due process to challenge the false allegations of abuse . . . ."  (Doc. No. 250 at 4.)  In light of Plaintiffs' failure to raise this issue before Magistrate Judge Saporito, the lack of apparent relevance of the issues addressed in the sealed Commonwealth Court opinion to the pending motions for summary judgment, and the inconsistencies in Plaintiffs' arguments with regard to the relevancy of the material contained in the Commonwealth Court opinion, the Court declines to consider the Commonwealth Court opinion in connection with its review of the pending Report and Recommendation.[1]

**ACCORDINGLY**, on this 29th day of September 2017, upon extensive review of the record and the applicable law, **IT IS ORDERED THAT**:

1. The Court **ADOPTS** the Report and Recommendation (Doc. No. 241), of Magistrate Judge Saporito;

2. Plaintiffs' objections to the Report and Recommendation are **OVERRULED**;

---

[1]Plaintiffs failed to file a brief in support of their motion to seal, as required by Local Rule 7.5.  Pursuant to that rule, if a supporting brief is not filed within fourteen (14) days of the filing of a motion, the motion "shall be deemed withdrawn."  L.R. 7.5  In light of Plaintiffs' failure to comply with Local Rule 7.5 in connection with the filng of their motion to seal, the Court will deem the motion withdrawn.

3.  Defendants' motions for summary judgment (Doc. Nos. 218, 230), are **GRANTED**;

4.  Plaintiffs' motions for summary judgment (Doc. Nos. 206, 225), are **DENIED**;

5.  Plaintiff's motion to file exhibit under seal (Doc. No. 244), is **DEEMED WITHDRAWN** for failure to comply with Local Rule 7.5;

6.  The Clerk of Court is directed to enter **JUDGMENT** in favor of Defendants and against Plaintiffs with respect to all remaining claims of the amended complaint; and

7.  The Clerk of Court is directed to **CLOSE** this case.


<u>s/ Yvette Kane</u>
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania